WOODWARD (SMITH v.). See Case No. 13,-129.

## Case No. 18,009.

WOODWARD et al. v. SUTTON et al.

[1 Cranch, C. C. 351.] [1]

Circuit Court, District of Columbia. Nov. Term, 1806.

PLEADING AND PROOF.

It is not incumbent upon joint plaintiffs to prove that they are joint partners.

Assumpsit [by James Woodward and others against Sutton & Mandeville] for goods sold and delivered. The plaintiffs' witness deposeth that the goods were sold to the defendants by Woodward & Co.

Mr. Jones, for defendant, having required proof that the plaintiffs were the persons who constituted the firm of Woodward & Co., and having referred to the case of Tibbs v. Parrott [Case No. 14,023],—

Mr. Swann had leave to argue the point again, and contended that the plaintiffs have made a record acknowledgment that they constitute the firm. That it could only be proved by their acknowledgments. Articles of copartnership are only an acknowledgment of the parties. Wats. Partn. 36.

Mr. Youngs, contra. This declaration would not be conclusive evidence against the plaintiffs in an action against them. If it is a record acknowledgment, it binds them in all cases. The proof is in the power of the plaintiffs, not of the defendants; and the allegations in a declaration must be proved. James Woodward's declaration cannot be evidence to prove the others to be partners. If the plaintiffs are not bound to give evidence of the partnership, every man who chooses may bind others to a partnership by bringing an action in their names.

PER CURIAM. As the only evidence of the partnership must be either the declarations or the acts of the plaintiffs themselves, and as each of the plaintiffs has come into court, and averred upon the record (by the allegation in the declaration) that he is

[1] [Reported by Hon. William Cranch, Chief Judge.]

one of the partners, trading under the firm of Woodward & Co., no further evidence of that fact can be required.

THE COURT in the case of Tibbs v. Parrott [supra], gave a naked opinion, that the allegation in the declaration must be proved, but did not say what would be sufficient primâ facie evidence of the fact.

The defendants took a bill of exceptions.